Pearson, J".
"We do not concur with his Honor in the view taken by him of this case in the latter part of the charge. The bill of sale would have been, of itself, sufficient to put most men upon enquiry, so as to prevent them from concluding the purchase, unless there was an overweening desire to rush into a lawsuit, which it is the policy of the common, law to prevent. Hence the maxim “ caveat evvpior ” is applicable whenever the purchaser is put on enquiry, or has reason to believe that the property is unsound. But besides the bill of sale, the witness, Elliott, gave the plaintiff express notice of the unsoundness of the slave. And besides all this, the plaintiff had an opportunity of having the slave examined by a physician in his presence, and the symptoms were by no means hidden or hard to be discovered. Under these circumstances the plaintiff could not be allowed to say that he relied on what the defendant said as to the soundness of the slave. He ought to have required a warranty, or refused to buy; and has no right to insist that the jury should be requir *531 ed to find whether he relied on what the defendant said, or upon his other sources of information. Any prudent man would have relied upon the latter, and if the plaintiff did not, it is his own folly !
Per Curiam.
Judgment, reversed, and a venire de novo.